Hiles, Appellant, vs. The Milwaukee Power &· Lighting Company and others, Respondents.

*April 11 — May 2, 1893.*

*Mortgages: Foreclosure: Consent to sale within a year.*

1. The word "parties" in sec. 3162, R. S. (which provides that no sale of mortgaged premises on foreclosure shall be made until one year after judgment, but that "the parties may, by stipulation in writing, . . . consent to an earlier sale"), means the parties to the action, not merely the parties to the mortgage, and the consent of the mortgagor without the consent of a subsequent incumbrancer who is a defendant is ineffectual.

[2. Whether the consent of the mortgagor to an earlier sale can be given by a stipulation made by an attorney by virtue of a warrant of attorney contained in the mortgage, and whether, when the mortgagor is a corporation and its officers are made defendants merely because they are such officers, the consent of the latter is necessary, not determined.]

APPEAL from the Superior Court of *Milwaukee* County.

The action is to foreclose a mortgage executed by the defendant corporation, the *Milwaukee Power & Lighting Company*, to the plaintiff. The other defendants are the officers of that corporation, and the defendant *Earles* is also a subsequent mortgagee of the premises covered by plaintiff's mortgage. There is no controversy as to the validity of plaintiff's mortgage, the amount due thereon, or the right

of plaintiff to a foreclosure thereof. The only controversy in the case arises upon a covenant in the mortgage that, in case of foreclosure thereof, if the mortgage debt, as determined by the judgment of foreclosure, shall not be fully paid in ten days after the date of the judgment, the mortgaged premises may, at the expiration of such ten days, " be sold, the same as though the full year for redemption provided by law had completely expired, and the said year for redemption is hereby expressly waived." The mortgage also contains a warrant of attorney, irrevocable, authorizing any attorney of a court of record to enter the appearance of the mortgagor corporation in any action brought to foreclose the mortgage, and to stipulate and consent therein on behalf of such mortgagor that the mortgaged property might be sold at any time after the expiration of ten days from the date of the judgment, in accordance with the covenant to that effect in the mortgage. Such a stipulation was filed in this action.

The superior court held the above covenant and warrant of attorney void, and gave judgment of foreclosure in the usual form. Plaintiff appeals from that portion of the judgment which, in effect, prohibits a sale of the mortgaged premises until after the expiration of one year from the date of the judgment.

*D. S. Rose*, for the appellant.

For the respondents there was a brief by *Turner & Timlin*, and oral argument by *W. H. Timlin*.

LYON, C. J. The statute which gives the right to redeem mortgaged premises after judgment of foreclosure has been obtained is in the nature of an exemption law, and is founded upon the principle which underlies all exemption laws proper, to wit, the protection by the state, and in the interest of the state, of debtors from liability to absolute

impoverishment and destitution, resulting from the collection by judicial process of demands against them.

In *Maxwell v. Reed*, 7 Wis. 582, this court held that a waiver of the benefit of exemption laws contained in an obligation to pay money, or in a warrant of attorney to enter up judgment thereon, is null and void, because against the policy of the law. That decision has stood unshaken — practically unchallenged — for more than one third of a century, and has frequently been cited and approved by this court in later cases. It establishes a principle in our jurisprudence which, in our opinion, is applicable to and governs this case, unless rendered inapplicable by some statute.

The only statute which it is claimed has that effect is sec. 3162, R. S. That section relates to actions to foreclose mortgages. It postpones sales of mortgaged premises on judgments of foreclosure to one year from and after the dates of the judgments or orders of sale, but provides that "in all cases the parties may, by stipulation in writing to be filed with the clerk, consent to an earlier sale." Sec. 3165 gives the mortgagor, his heirs, etc., the right to redeem the mortgaged premises at any time before sale by paying the amount of the judgment, taxes, etc. Sec. 3167 gives a subsequent incumbrancer the right to pay such judgment at any time before sale, and to be subrogated to the rights of the plaintiff in the foreclosure action.

If it be assumed that the stipulation made by the attorney by virtue of the warrant of attorney contained in the mortgage, and filed with the clerk, was a valid consent by the mortgagor to an earlier sale,— that is, to a sale after ten days from the date of the judgment,— still the requirements of the statute are not thereby fulfilled. The statute requires the consent of the *parties*. This clearly means the parties to the action, especially subsequent mortgagees

Hiles vs. The Milwaukee Power & Lighting Co. and others.

or incumbrancers, who may pay the judgment before sale and become subrogated to the rights of the plaintiff. The defendant *Earles* is such an incumbrancer, and he has not consented to a sale earlier than one year after the date of the judgment.

Sec. 3162 is a revision of several former sections of the statutes, one of which is sec. 3, ch. 143, Laws of 1877. By that section it was first enacted that the mortgaged premises should not be sold until one year from the date of the judgment, " unless all the parties to the action consent to an earlier sale." The revised section provides how such consent shall be evidenced; that is, by stipulation of the parties, in writing, to be filed with the clerk. True, it drops the words " to the action," found in the original section, but it seems quite apparent that these words were omitted as unnecessary, not to change the meaning and effect of the original section. Had the revisers intended so to change the section that the word " parties " should mean parties to the mortgage instead of to the action, they would doubtless have changed the phraseology of the section to express that intention, or at least would have stated such intention in their notes. They did neither. The conclusion is irresistible that they did not intend to make any change in the law as expressed in the act of 1877, in the particular under consideration.

We conclude, therefore, that the consent of the defendant *Earles*, at least, must be obtained before a sale of the mortgaged premises within a year after date of judgment can be upheld. We do not determine whether such consent has been given by the mortgagor, or whether the consent of the other defendants, who are made parties merely because they are officers of the mortgagor, is essential.

*By the Court.*— The judgment of the superior court is affirmed.